The opinion of the court was delivered by
Horkblower, C. J.
It appears from the sheriff’s return, and from copies of other records and proceedings read in the case, that on the 2d day of March last, the sheriff arrested the defendant, on the oa. sa. in question, and committed him to gaol; that on or about the 11th day of the same month, the defendant delivered to the sheriff an inventory of his estate and a bond, with security according to the provisions of the act, entitled “An Act abolishing imprisonment for debt in certain cases; ” and thereupon he was “ discharged out of custody.” That afterwards the defendant applied to the judges of the court of common pleas, for the benefit of the insolvent laws; and after a hearing that court, on the 19th of June last, “ not being satisfied that the conduct of the applicant had been fair, upright, and just towards his creditors,” refused to discharge him according to the prayer of his petition. That the defendant thereupon, according to the condition of his bond given as aforesaid, under the provisions of the act abolishing imprisonment for debt in certain cases, surrendered himself to the sheriff in discharge of his bond. That the sheriff therefore, took him into custody; and on the same day, the defendant gave bond for the prison limits, and is now a prisoner on the limits.
Under this state of facts, we are of opinion that the defendant is lawfully detained in custody; and therefore not entitled to be discharged, however irregularly the writ of oa. sa. may have been issued.
The writ was not void. It was at most irregular and voidable; and if he chose to avail himself of any objection to the writ, there were several ways in which he might have done so. He might at once have applied to a judge at chambers, for a writ of Habeas Corpus under the recent act upon that subject. Or he might, at the- next term of the court, out of which the oa. sa. issued, have made application to that court to set aside the writ. Or he might have brought himself before this court, on a writ of Habeas Corpus. Or he had a right, if he chose to do so, to *655 waive all exceptions to tlie regularity of the writ, as in our opinion he has done, and consent to remain a prisoner ; or seek his liberation in some other way. He adopted the latter course. He admitted himself to be a lawful prisoner, and voluntarily entered into bond, conditioned to apply for the benefit of the insolvent laws; and if he failed to obtain his discharge, then to pay the debt, or surrender himself a prisoner, at the suit of the plaintiffs named in the ea. sa. It is now too late, in our opinion, for the defendant to complain of the irregularity of the writ, if there were any. Every day’s practice in court furnishes us with instances of waivers of laches and of irregularities in proceedings, that seriously affect the rights of the party, and result even in the imprisonment of the person, when, if exception had been made in proper time, a contrary result would have been attained, or a judgment avoided.
Surely it will not do, to permit a party in this way to try experiments upon the court. Suppose a man should be arrested upon a capias, issued upon a plainly insufficient affidavit for bail. Instead of moving to quash the writ, or to be discharged on common bail, he puts in special bail; pleads to the action; goes to trial; a verdict and judgment pass against him ; and he is then surrendered by his bail, or surrenders himself in their discharge, or he is taken in execution; shall he be permitted then, to demand his enlargement, upon the ground that the capias had been issued on a defective affidavit ? Certainly not: and yet that man would be in custody upon that unlawful capias; or, as said in this case, that capias would be the cause and foundation of his imprisonment.
But this, if possible, is a stronger case. The defendant submits himself to the process of the court; admits himself a lawful prisoner; and several days after his arrest, voluntarily gives bond conditioned, if he does not get his discharge as an insolvent debtor, to surrender himself to the sheriff. He now becomes the actor, against the plaintiff and all his other creditors, calls upon them to appear and show cause why he should not be discharged as an insolvent debtor; the court decide against him, and he then comes here complaining of his original arrest.
This we think it is not competent for him to do. He has *656 waived all irregularities in the writ, under which he was arrested, and cannot now complain on that ground. Had the oa. sa. been entirely void, perhaps the result would have been different; but for mere error or irregularity, we cannot now set it aside.
This renders it unnecessary to express any opinion upon the other points discussed by counsel; and the order of the court therefore is, that the prisoner be remanded to the custody of the sheriff of Sussex county, for the cause aforesaid, and there remain until discharged by due course of law.
Prisoner remanded.
Cited in Bowne v. Titus & Scudder, 1 Vr. 345.